WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Michelet Michael Smith,
Plaintiff,
v.
Amber Cheney, et al.,
Defendants.

No. CV-25-02243-PHX-SMB

**ORDER**

Pending before the Court is Defendants Amber Cheney, Dr. Everett Bailey, and Bailey Therapy and Consulting, LLC DBA AZ Center for Marriage and Family Therapy's ("Bailey Therapy" and, collectively, the "Bailey Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). (Doc. 73.) For the following reasons, the Motion to Dismiss is **granted**.

## I. BACKGROUND

Plaintiff Michelet Michael Smith and Defendant Keeley A. Smith are divorced parents of minor children. (Doc. 70 at 3 ¶¶ 13, 17.) A court entered temporary orders giving joint legal decision-making authority to Plaintiff and Ms. Smith, with both parents having access to the children's information. (*Id.* at 3–4 ¶¶ 18–19, 21.) Later, the family court entered a decree in which Ms. Smith was granted sole legal decision-making authority, but "both parents remained entitled to equal access to documents and information concerning the children[] . . . , including records directly from the custodian of records or from the other parent." (*Id.* at 4 ¶¶ 24–25.)

Cheney, an intern counselor under the supervision of Dr. Bailey with Bailey Therapy, provided counseling services to Plaintiff's children. (*Id.* at 3 ¶¶ 14–15; *id.* at 5 ¶¶ 31, 38.) Plaintiff alleges Cheney's counseling sessions concerned him and, because the Bailey Defendants did not perform counseling services in a neutral manner, the sessions had an adverse effect on his relationship with his children and his reputation; he was not given notice of the counseling sessions or the ability to participate. (*See id.* at 5–8 ¶¶ 30, 32–33, 35–37, 42, 44, 46, 56, 58.) He claims the Bailey Defendants "treated him less favorably" due to his race. (*Id.* at 9 ¶¶ 71–72.) Plaintiff asserts claims of Negligence against Ms. Smith and against the Bailey Defendants in the alternative (Count I); Invasion of Privacy/Intrusion Upon Seclusion against all defendants (Count II); Negligent Hiring, Training, Supervision, and Retention against Bailey Therapy and Dr. Bailey (Count III); Defamation against the Bailey Defendants (Count IV); Intentional Infliction of Emotional Distress ("IIED") against all defendants (Count V); Negligence and Intentional Conduct Causing Interference with Plaintiff's Parent-Child Relationship against all defendants (Count VI); Professional Negligence and Supervisory Liability against the Bailey Defendants (Count VII); and Violation of 42 U.S.C. § 1981 against all defendants (Count VIII). (*Id.* at 10–19.)

The Court previously dismissed the First Amended Complaint. (*See* Doc. 66.) The Court dismissed Plaintiff's § 1981 claim; dismissed the state-law claims "listed in a formulaic manner that simply restate[d], in conclusory fashion, the elements of each claim"; and granted leave to amend some claims. (*See id.* at 5–6.) The Court "note[d] that this case likely does not have the makings of a federal lawsuit" and, "[w]ithout a federal claim, or another basis for jurisdiction, the Court [would] not exercise supplemental jurisdiction over the state law claims in this matter." (*Id.* at 7.)

The Bailey Defendants now move to dismiss the SAC. (Doc. 73.)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**B. Leave to Amend**

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." Leave to amend should not be denied unless "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be

futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified).

**III. DISCUSSION**

For the following reasons, the Court grants the Bailey Defendants' Motion to Dismiss. All of Plaintiff's claims will be dismissed.

**A. Section 1981 Claim**

The Bailey Defendants argue Plaintiff has not pled factual allegations that they discriminated against him because of his race or that "race discrimination was the but-for cause of any contractual impairment." (Doc. 73 at 5; Doc. 76 at 5–6.) They also argue that Plaintiff "does not plead an actual contract between [him] and any moving Defendant." (Doc. 76 at 5.) The Court agrees with the Bailey Defendants that Plaintiff has not sufficiently pled his § 1981 claim.[1]

To state a § 1981 claim against a private defendant, "plaintiff must allege that (1) he is a member of a racial group, (2) some contractual right . . . was impaired, (3) defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment." *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024).

Plaintiff alleges he is Black; the Bailey Defendants "treated him less favorably than the children's mother"; Ms. Smith "was treated as the 'real' or controlling parent . . . , while Plaintiff was excluded"; "upon information and belief, . . . his race was a but-for

---

[1] The Court rejects Plaintiff's argument that the Bailey Defendants did not meet and confer before filing the Motion to Dismiss. (Doc. 75 at 4.) A party may provide "written notice of the issues that it intends to assert in a motion." LRCiv 12.1(c). The Bailey Defendants referred to the arguments in their previous Motion to Dismiss. (*See* Doc. 75-2 at 2–3.) This put Plaintiff on notice of their arguments. *See Andrich v. Navient Sols. Inc.*, No. CV-18-02766-PHX-SMB, 2020 WL 1515664, at *2 & n.5 (D. Ariz. Mar. 30, 2020) (finding Rule 12.1(c) requirements met where the defendants' "email identified their main objections to Plaintiff's Second Amended Complaint and referred Plaintiff to previous filings that contained identical arguments" (citation modified)).

cause of Defendants' unequal treatment"; and the Bailey Defendants' conduct "reflected and reinforced discriminatory assumptions about Plaintiff's role, culture, parental identity, and family status." (Doc. 70 at 9–10 ¶¶ 71–73, 78–79.) Plaintiff also alleges he "had or sought to have equal contractual and quasi-contractual participation in the counseling services for his children" and the "counseling services were connected to insurance benefits." (*Id.* at 9 ¶¶ 74, 76.)

First, Plaintiff has not sufficiently alleged that a contractual right was impaired. The SAC is not clear as to which contract(s) it relies on, but it refers to a "provider-service and billing relationship." (*Id.* at 18 ¶ 156.) To the extent the SAC relies on an insurance contract, Plaintiff does not allege the services were billed under an insurance policy for which he is the policyholder, or what right was impaired. To the extent the SAC relies on a contract between him and the providers, it also does not sufficiently allege what right was impaired. The Court's difficulty in understanding Plaintiff's theory of relief is largely because of his conclusory allegations; a claim "must include more than just conclusory allegations to survive a Rule 12(b)(6) motion to dismiss." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

Second, Plaintiff has not pled facts to support an inference he was discriminated against because of his race or that his race was a "but-for" cause of his contractual rights being impaired. *Ray*, 755 F. Supp. 3d at 1279. The SAC lacks any facts suggesting Plaintiff's race was related to the Bailey Defendants' actions. Not only does Plaintiff offer no facts of discrimination,[2] but Plaintiff only alleges "upon information and belief" that his race was a but-for cause of his contractual rights being impaired. (Doc. 70 at 19 ¶ 157.) This does not state a claim. *See Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926–27 (9th Cir. 2013) (holding that "conclusory allegations such as" those made "on information and belief" of a defendant's involvement are "insufficient to state a claim" because "a complaint will not survive a motion to dismiss

---

[2] The First Amended Complaint alleged racist statements were made towards his children during a counseling session (*see* Doc. 8 at 12 ¶ 66; Doc. 66 at 5), but the SAC omits these allegations. (*See generally* Doc. 70.)

if it tenders naked assertions devoid of further factual enhancement" (citation modified)); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief.").

At bottom, Plaintiff's claim is supported only by "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's § 1981 claim will be dismissed. Because Plaintiff may be able to cure these deficiencies, he will be given leave to amend this claim. *See Lopez*, 203 F.3d at 1127. And because the Court grants leave to amend, "it is premature to consider the . . . argument that the court should decline to exercise supplemental jurisdiction." *McMillian v. Overton Sec. Servs., Inc.*, No. 17-cv-03354-JSC, 2017 WL 4150906, at *4 (N.D. Cal. Sep. 19, 2017).

**B. Negligence**

The Bailey Defendants argue that Plaintiff failed to plead a cognizable duty that could support a negligence claim and, even if he had, "Arizona law does not establish a duty of care running from a health care or mental health professional to a non-patient third party." (Doc. 73 at 7–8.) They also argue that the SAC lacks "facts establishing breach of any such duty or causation beyond speculation." (*Id.* at 9.)

The Court agrees with the Bailey Defendants that Plaintiff has not sufficiently alleged a cognizable duty. "Arizona does not presume duty; rather, in every negligence case, the plaintiff bears the burden of proving the existence of a duty." *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 838 (Ariz. 2018). "Duty in Arizona is based on either recognized common law special relationships or relationships created by public policy." *Id.* at 829 (citation modified). "Duties based on special relationships may arise from several sources, including special relationships recognized by the common law, contracts, or conduct undertaken by the defendant," whereas "public policy creating a duty is based on state and federal statutes and the common law," in which that law "itself creates a legal relationship between the parties giving rise to a duty." *Id.* (citation modified).

Plaintiff alleges Cheney "owed a duty to provide services involving minor children with reasonable care" and Dr. Bailey and Bailey Therapy "owed duties to train, supervise,

monitor, review, and correct counseling services." (Doc. 70 at 10 ¶¶ 83–84.) But Plaintiff was not the Bailey Defendants' patient (*see id.* at 3 ¶ 14), and "the *existence* of a duty is not to be confused with details of the standard of conduct," *Markowitz v. Ariz. Parks Bd.*, 706 P.2d 364, 367 (Ariz. 1985) (emphasis added). Regardless of what standard of care might apply to the Bailey Defendants, Plaintiff does not allege that a special relationship existed between him as a non-patient and the Bailey Defendants or that public policy imposed on them a duty to Plaintiff.[3] Plaintiff's negligence claim therefore fails. *See O'Neal v. Tanimura & Antle Fresh Foods, Inc.*, No. CV-25-01413-PHX-DGC, 2025 WL 2958560, at *5 (D. Ariz. Oct. 17, 2025) (granting motion to dismiss negligence claim because the plaintiff "allege[d] no special relationship between Plaintiff and [the defendant] giving rise to [the] duty" set out in the complaint and did not "identify a statute or public policy imposing the alleged duty").

Although Plaintiff argues the Bailey Defendants improperly "ask[] the Court to decide a disputed and fact-intensive issue at the pleading stage" (Doc. 75 at 8), "whether a duty exists is a legal matter to be determined *before* the case-specific facts are considered." *Quiroz*, 416 P.3d at 828 (citation modified). And although Plaintiff argues the SAC "pleads the factual basis for foreseeability and the relationship between the conduct and Plaintiff's injury" (Doc. 75 at 8), Arizona has "remov[ed] foreseeability from [the] duty framework." *Quiroz*, 416 P.3d at 829. Foreseeability thus cannot support a duty.

Because Plaintiff failed to allege a duty, his negligence claim fails and will be dismissed. The Court therefore need not address whether Plaintiff sufficiently alleged breach and causation. Plaintiff will be given leave to amend because he may be able to cure this deficiency. *See Lopez*, 203 F.3d at 1127.

**C. Invasion of Privacy/Intrusion Upon Seclusion**

The Bailey Defendants argue that Plaintiff "does not allege any act by Defendants that intruded into Plaintiff's own private space or communications" but "challenges

[3] Although the Court construes the SAC liberally, the Court may not "supply essential elements of a claim that are absent." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). The Court therefore does not analyze whether such a duty would be cognizable if Plaintiff had alleged it.

information volunteered in the minor children's therapy and the mother's involvement in those sessions." (Doc. 73 at 9.) Plaintiff responds that the SAC alleges the Bailey Defendants "intentionally intruded into Plaintiff's private family affairs by eliciting, collecting, recording, processing, and using sensitive information . . . through counseling sessions conducted" without notice or his consent. (Doc. 75 at 9.)

The Court agrees that Plaintiff has not sufficiently alleged that an improper intrusion took place. "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 853 (Ariz. Ct. App. 1997) (quoting Restatement (Second) of Torts § 652B (A.L.I. 1977)). "The invasion may be by physical intrusion . . . as when the defendant forces his way into the plaintiff's room," "by the use of the defendant's senses . . . to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires," or "some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents." *Id.* (quoting Restatement (Second) of Torts § 652B cmt. b).

The SAC does not allege any similar intrusive action. *See, e.g.*, *Bruer v. Phillips L. Grp. PC*, No. CV-18-01843-PHX-JJT, 2019 WL 2552060, at *3 (D. Ariz. June 20, 2019) (noting that the Restatement's examples of invasion "suggest the act of invading a space . . . which the defendant had no right to enter—not obtaining information with permission"); *Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2011 WL 3297506, at *5 (D. Ariz. Aug. 1, 2011) (dismissing claim because an "investigator did not force his way into [the person's] home . . . , did not eavesdrop or spy on [the person], did not illegally intercept his emails or mail, and did not engage in any type of similar activity"). It merely alleges that Plaintiff was discussed during counseling sessions between his children and Cheney. Plaintiff's claim will be dismissed. *See D'Agostino v.*

*Circle K Stores Inc.*, No. CV-26-01225-PHX-JAT, 2026 WL 1098239, at *11 (D. Ariz. Apr. 23, 2026) ("Conclusory allegations that a defendant's conduct intruded upon the plaintiff's solitude and seclusion, without more, are insufficient to support a claim for relief."). Plaintiff will be given leave to amend because he may be able to cure this deficiency, although it appears unlikely. *See Lopez*, 203 F.3d at 1127.

**D. Negligent Hiring, Training, Supervision, and Retention**

The Bailey Defendants argue that Plaintiff's claim for negligent hiring, training, supervision, and retention fails because Plaintiff "does not plausibly allege a viable underlying tort by any employee," that there are no factual allegations "showing that Bailey Therapy or Dr. Bailey knew or should have known of specific unfitness by Ms. Cheney at the hiring or during employment," that there are no factual allegations that "any specific training/supervision deficiency proximately caused identifiable injury," and the claim "relies on group pleading and abstract standards." (Doc. 73 at 10.)

The Court agrees that this claim is insufficiently pled. Plaintiff alleges Bailey Therapy and Dr. Bailey "owed duties to use reasonable care in hiring, training, supervising, retaining, and monitoring therapists, interns, employees, agents, and staff who provided counseling services to minor children," which they breached by "failing to adequately train, supervise, review, or monitor Defendant Cheney's conduct and communications," by "allowing the counseling services to proceed" without providing Plaintiff notice, and by failing to "prevent or correct the harmful 'not family' messaging." (Doc. 70 at 12–13 ¶¶ 100, 103–05.) These are nothing more than legal conclusions and conclusory statements devoid of the necessary facts to plead a plausible claim. *See Pareto*, 139 F.3d at 699. The SAC lacks facts about, for example, what training was provided to Cheney or what should have been provided, the extent of Bailey Therapy and Dr. Bailey's supervision of Cheney and what was lacking, and how Bailey Therapy and Dr. Bailey were negligent in hiring Cheney. And although Plaintiff argues "[d]iscovery is needed regarding supervision, training, policies, intern status, record review, and what Dr. Bailey and Bailey Therapy knew or should have known" (Doc. 75 at 10), "case law does not permit plaintiffs to rely

on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). Plaintiff's claim is dismissed with leave to amend because Plaintiff may be able to cure this deficiency. *See Lopez*, 203 F.3d at 1127.

**E. Defamation**

The Bailey Defendants argue Plaintiff's defamation claim fails because the SAC is not based on a "verifiable assertion of fact about Plaintiff" and "fails to plead specific words, speaker, time, audience, publication beyond therapeutic context, fault, and nonconclusory damages." (Doc. 76 at 8.) The only statement identified in Plaintiff's defamation claim is Cheney's alleged statement in a session that, "if someone treats the child in a way the child does not want to be treated, then that person is 'not family,'" which Plaintiff alleges "falsely communicated that Plaintiff was not a legitimate family member." (Doc. 70 at 13–14 ¶¶ 109–10.) To constitute a defamatory statement, it "must be a statement of actual fact susceptible to proof of truth or falsity." *Whiting v. County of Pima*, No. CV-19-00249-TUC-JGZ, 2019 WL 12468583, at *3 (D. Ariz. Sep. 16, 2019).

The Court agrees that this is not as a factual statement but an opinion or a belief about how a person should view a family member who mistreats them. "Statements cast as subjective beliefs are generally insulated from defamation liability." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 746 (9th Cir. 2025) (citation modified). "[T]here is no identifiable standard from which a fact finder can assess [it]." *Prostrello v. Scottsdale Healthcare Hosps.*, No. CV-17-00409-PHX-DJH, 2018 WL 501414, at *6 (D. Ariz. Jan. 12, 2018). Plaintiff has not argued how this statement could be proven false. *Cf. Kahle v. Lilo Enters. Inc.*, No. CV-24-08131-PCT-DWL, 2026 WL 2529482, at *42 (D. Ariz. Aug. 27, 2026) ("[T]o the extent . . . Kahle's statement implied a false fact that Bryant treats Helms 'like her son,' that too would not be objectively verifiable . . . . It is merely Kahle's opinion that Bryant was treating Helms like a son."). Because this is the only alleged defamatory statement and because Plaintiff does not identify any other statements he would offer in amendment, Plaintiff's claim is therefore dismissed without leave to amend. No

allegation of other facts would cure this deficiency. *See Lopez*, 203 F.3d at 1127. The Court therefore need not address the parties' other arguments.

**F. IIED**

The Bailey Defendants argue that the IIED claim fails because the conduct alleged is not "extreme and outrageous," that his "distress allegations are generic" and "not pled with facts demonstrating severity," and that the claim "relies on improper group pleading without specifying which Defendant intentionally engaged in what extreme act[] [and] when." (Doc. 73 at 12–13.) The Court agrees the conduct alleged is not "extreme and outrageous."

To state a claim for IIED, "the conduct of the defendant must be extreme and outrageous." *Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997, 1003 (D. Ariz. 2004) (citation modified). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," such that "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* (citation modified). "An IIED claim cannot arise out of conduct which merely hurts one's feelings," and "even if a defendant's conduct is unjustifiable, it does not necessarily rise to the level of atrocious and beyond all possible bounds of decency that would cause an average member of the community to believe it is outrageous." *St. George v. Home Depot U.S.A., Inc.*, No. CV-04-1210-PCT-LOA, 2007 WL 604925, at *4 (D. Ariz. Feb. 22, 2007) (citation modified). Even "false accusations alone [are typically] not enough to constitute an intentional infliction of emotional distress." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 747 (9th Cir. 2004).

At most, Plaintiff alleges Cheney told his children that Plaintiff is not a part of their family because he mistreated them, and Bailey Therapy and Dr. Bailey allowed it. This does not amount to extreme and outrageous conduct such that hearing it would "arouse [the] resentment" of an average person. *Coffin*, 323 F. Supp. 2d at 1003 (citation

modified). Even if this statement were considered unjustified, that would still not be enough. *See Bodett*, 366 F.3d at 747; *St. George*, 2007 WL 604925, at *4. Indeed, courts have found insufficient allegations that an average person likely would consider more atrocious than the conduct here. *See Bodett*, 366 F.3d at 747 (performing an "exorcism" on an employee); *Sallas v. Tucson Med. Ctr.*, No. CV-25-00190-TUC-EJM, 2026 WL 850752, at *6 (D. Ariz. Mar. 27, 2026) ("verbal abuse" based on the plaintiff's pregnancy); *Macias v. Kaplan-Siekmann*, No. CV-22-00280-PHX-SPL, 2024 WL 83448, at *6 (D. Ariz. Jan. 8, 2024) (defendants' enforcement of unreasonable parental visitation restrictions and lies to a juvenile court "with the goal of severing [the plaintiff's] parental rights" were "unjustifiable" but not "extreme or outrageous").

This Court held that "attempting to protect an individual from residing in an unsafe home is not extreme and outrageous conduct even if the house were erroneously found unsafe." *Douglass v. City of Mesa*, No. CV-17-04686-PHX-SMB, 2020 WL 1033128, at *9 (D. Ariz. Mar. 3, 2020). No average person would view a counselor's comments to children on how to view a family member who mistreated them as extreme and outrageous conduct, even if Plaintiff "were erroneously found" to have mistreated them. *See id.* Plaintiff's claim is dismissed without leave to amend because no allegation of other facts would cure this deficiency. The Court therefore need not address the parties' other arguments.

### G. Negligence and Intentional Conduct Causing Interference with Parent-Child Relationship

The Bailey Defendants argue that this claim fails because "Arizona law does not recognize a freestanding tort against private parties for 'interference' with a parent-child relationship in the abstract, separate from established torts and statutory remedies." (Doc. 73 at 13.) Plaintiff responds that he "is not asking the Court to create a broad standalone parental-alienation tort" but "is pleading interference with his parent-child relationship as a foreseeable injury caused by recognized tort theories." (Doc. 75 at 12.) In reply, the Bailey Defendants argue that the claim is not cognizable and duplicative. (Doc. 76 at 9.)

The Court does not address whether Plaintiff pled a viable claim for parental interference because Plaintiff denies he asserts one. (*See* Doc. 75 at 12.) Rather, Plaintiff argues his claim is a damages theory arising out of his other tort claims. (*See id.*) The Court agrees with the Bailey Defendants that this claim is duplicative and will be dismissed without leave to amend. *See, e.g.*, *Nelson v. Frank*, No. CV-17-03150-PHX-DLR, 2018 WL 6435766, at *4 (D. Ariz. Dec. 7, 2018) ("As a matter of judicial economy, courts should dismiss a claim if it is duplicative of another claim in the suit." (citation modified)).

**H. Professional Negligence and Supervisory Liability**

The Bailey Defendants argue that Plaintiff "still alleges no provider-patient duty owed to Plaintiff, who was not the patient, and pleads breach and causation only in conclusory, group-pled terms." (Doc. 76 at 9.) Plaintiff responds that he alleged that the Bailey Defendants were "required to use reasonable care" and he alleged "applicable professional standards." (Doc. 75 at 12.)

This claim fails for the same reason that the negligence claim fails. Plaintiff argues he alleged the applicable standard of conduct for the Bailey Defendants, but "the existence of a duty is not to be confused with details of the standard of conduct." *Markowitz*, 706 P.2d at 367. Plaintiff still must plead the existence of a duty and the source of that duty. Plaintiff's claim is therefore dismissed with leave to amend. The Court need not address the parties' other arguments.

**I. Claims Against Ms. Smith**

Plaintiff argues that the SAC cannot be dismissed in its entirety because it asserts claims against Ms. Smith, who has not responded to the SAC and did not join the Bailey Defendants' Motion to Dismiss. (Doc. 75 at 2.) He requests that "any dismissal . . . be limited to the moving Defendants only." (*Id.* at 5.) The Court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). The SAC asserts the same claims against Ms. Smith as against the

Bailey Defendants, except for the negligent hiring, defamation, and professional negligence claims. (*See* Doc. 70 at 10–19.) The claims against Ms. Smith are integrally related to the claims against the Bailey Defendants because Ms. Smith is alleged to have facilitated the Bailey Defendants' alleged conduct. (*See, e.g.*, *id.* at 11 ¶ 86, 12 ¶ 95, 15 ¶ 122, 16 ¶ 132, 18 ¶ 153.) These claims are therefore dismissed against Ms. Smith as well.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendants Amber Cheney, Dr. Everett Bailey, and Bailey Therapy and Consulting, LLC DBA AZ Center for Marriage and Family Therapy's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 73). The Second Amended Complaint (Doc. 70) is dismissed.

**IT IS FURTHER ORDERED** giving Plaintiff leave to amend the following claims only: Count I: Negligence; Count II: Invasion of Privacy/Intrusion Upon Seclusion; Count III: Negligent Hiring, Training, Supervision, and Retention; Count VII: Professional Negligence and Supervisory Liability; and Count VIII: Violation of 42 U.S.C. § 1981. If Plaintiff so chooses, he shall file a Third Amended Complaint no later than thirty (30) days after the date this Order is issued.

Dated this 24th day of November, 2026.

Honorable Susan M. Brnovich
United States District Judge